3:20-cv-166

# EXHIBIT 1

 **CT Corporation**

**Service of Process
Transmittal**
05/27/2020
CT Log Number 537713385

**TO:**    Scott Yurko
Tokio Marine Specialty Insurance Company
One Bala Plaza, Suite 402
Bala Cynwyd, PA 19004-

**RE:**    **Process Served in Texas**

**FOR:**    Philadelphia Indemnity Insurance Company  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PROJECT VIDA and P.V. COMMUNITY DEVELOPMENT CORPORATION, Pltfs. vs. PHILADELPHIA INDEMNITY INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 020DCV1689 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/27/2020 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/27/2020, Expected Purge Date: 06/01/2020<br><br>Image SOP<br><br>Email Notification,  NORA HOWARD  nora.howard@tmnas.com<br><br>Email Notification,  Scott Yurko  scott.yurko@tmnas.com<br><br>Email Notification,  VANESSA MCKENZIE  vanessa.mckenzie@tmnas.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / KD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE
ZIP 79901 $
02 4W
0000356061


**NORMA FAVELA BARCELEAU**
**DISTRICT CLERK**
COUNTY COURTHOUSE RM 103
500 E SAN ANTONIO AVE
EL PASO TX 79901-2436

7160 1019 9040 0431 7858

**Philadelphia Indemnity Insurance Company**
**c/o CT Corporation System**
**1999 Bryan Street**
**Suite 900**
**Dallas, TX 75201-3136**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **Philadelphia Indemnity Insurance Company**, which may be served with process by serving its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **41st Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on the 19th day of May, 2020, by Attorney at Law, MICHAEL ALEXANDER NAVA, 13409 NW MILITARY HWY, SUITE 300, SAN ANTONIO, TX 78231 in this case numbered **2020DCV1689** on the docket of said court, and styled:

**Project Vida and P.V. Community Development Corporation**
**VS**
**Philadelphia Indemnity Insurance Company**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 20th day of May, 2020.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.



CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

By _____ Deputy
Clarisa Aguirre

CERTIFICATE OF DELIVERY BY MAIL

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

I hereby certify that on this the 20th day of May, 2020 at 3:21 PM I mailed to:
Philadelphia Indemnity Insurance Company c/o CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

_____
Court Clerk
TITLE

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| ADDRESS | | |
| CITY | STATE | ZIP |

## RETURN OF SERVICE

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

    This forwarding address was provided:_____


ARTICLE NO. : 7160 1019 9040 0431 7858

SENT TO:  Philadelphia Indemnity Insurance Company
c/o CT Corporation System at 1999 Bryan Street  Suite 900
Dallas TX  75201-3136

POSTAGE: $0.37
FEE: $2.30
RETURN RECEIPT FEE: $1.75   .

DATE SENT: 05/20/2020

SENDER'S NAME: Clarisa Aguirre

THIS ENVELOPE CONTAINS: Plaintiff's Original
Petition

El Paso County, Texas

By:_____
          Deputy District Clerk

OR

_____
      Name of Authorized Person

By:_____


### VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

    Before me a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day

of _____, _____.


_____

Notary Public, State of _____

My commission expires:_____

Filed 5/19/2020 8:58 AM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1689

CAUSE NO. _____

| | | |
|---|---|---|
| PROJECT VIDA and P.V. COMMUNITY DEVELOPMENT CORPORATION<br>Plaintiffs | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | ___ JUDICIAL DISTRICT |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>Defendant | §<br>§<br>§<br>§ | El PASO COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Project Vida and P.V. Community Development Corporation ("Plaintiffs") hereby file their Original Petition, complaining of and about Philadelphia Indemnity Insurance Company ("Defendant"), and for causes of action would show to the Court and Jury as follows:

## I. DISCOVERY CONTROL PLAN & RELIEF SOUGHT

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

2.      Plaintiffs currently seek monetary relief over $200,000 but not more than $1,000,000, and Plaintiffs demand judgment for all the other relief to which they deem themselves entitled.

## II. PARTIES

3.      Plaintiffs, Project Vida and P.V. Community Development Corporation, are Texas non-profit corporations with their principal offices located in El Paso County, Texas.

4.      Defendant, Philadelphia Indemnity Insurance Company ("PIIC"), is a corporation engaged in the business of insurance in this state. It may be served with process by serving its

registered agent, CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136. Plaintiffs request service at this time.

### III. AGENCY AND RESPONDEAT SUPERIOR

5.      Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such an act or thing, and that such act or thing was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

6.      The Court has jurisdiction over this case in that the damages sought are within the jurisdictional limits of the Court. Venue is proper in El Paso County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in El Paso County, Texas.

### V. CONDITIONS PRECEDENT

7.      All conditions precedent to Plaintiffs' recovery have been performed, have occurred, or have been waived.

### VI. FACTS

8.      Plaintiffs own the real property located at 4875 Maxwell Avenue, El Paso Texas 79904 (the "Property"). The Property is a 8,830 square foot building which functions as a community center and family practice clinic.

9.      To insure the Property, Plaintiffs purchased Commercial Property Policy No. PHPK1779181 issued by PIIC (the "Policy"). PIIC, or its agent, sold the Policy insuring the Property to Plaintiffs. In part, the Policy provided coverage for loss and damage to the Property caused by

covered perils, including storm damage resulting from hail, wind, and water intrusion through storm-created openings or separations, during the policy period of February 21, 2018 to February 21, 2019. Under the Policy, the Property's building was insured on a replacement cost basis with total coverage having a loss limit of $850,000 and a deductible of $1,000.

10.     At the time of issuance, and in correspondence regarding the Policy, PIIC represented to Plaintiffs that the Policy provided coverage to pay the full value of any loss and damage to the Property cause by covered perils, which includes hail, wind, and water intrusion among other types of covered perils. Plaintiffs relied on such representations to purchase the Policy, continue to pay premiums to keep the Policy in effect, and to submit an insurance claim for loss and damage to the Property cause by a hail storm. However, Plaintiffs relied on such representations to their detriment because PIIC refused to pay the full value of loss and damage to the Property caused by a hail storm.

11.     On or about May 21, 2018, a hail storm caused damage to the Property, which was a covered loss under the Policy. In its track, the storm left behind widespread damage to the Property caused by the storm, including: (a) hail and wind damage to the roofing, roofing components, skylights, gutters, downspouts, window screens, and exterior HVAC units, and (b) interior damage to ceilings, walls, insulation, and light fixtures from water intrusion through storm-created openings or separations. In particular, the storm damage substantially compromised the integrity of the roofing, which requires replacement of the roofing.

12.     Plaintiffs timely submitted an insurance claim to PIIC for all the covered damage caused by the storm. Thereafter, PIIC assigned claim number PHNP19011241177 to Plaintiffs' insurance claim, and PIIC assigned an adjuster to investigate and adjust Plaintiffs' insurance claim. By and through its assigned adjuster, however, PIIC failed to reasonably investigate Plaintiffs'

insurance claim, failed to fairly and accurately adjust Plaintiffs' insurance claim, and misrepresented pertinent facts regarding coverage and payment for all of the loss and damage caused by the storm.

13.    PIIC's adjuster was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' insurance claim, which included determining the cause of and then quantifying the damage done to the Property. However, PIIC's adjuster conducted a substandard inspection of the Property and failed to prepare an estimate that properly accounted for all of the actual covered damage to the Property or for the necessary cost to repair or replace all of the storm damage to the Property. As a result, PIIC's investigation and adjustment of Plaintiffs' insurance claim did not allow for full payment of the funds needed to restore the Property as provided for under the Policy.

14.    In part, PIIC's adjuster used the services of an engineering firm known to reach conclusions favorable to insurance companies. The engineering firm was also biased towards finding little to no covered damage given the directions, observations, and conclusions provided by PIIC's adjuster. Under such direction, in or about January 2019, PIIC's adjuster and an engineer with the engineering firm spent little time inspecting the Property overall, gave cursory attention to the Property's roofing and interior, failed to adequately inspect or conduct testing to properly identify the full extent of the storm damage that substantially compromised the integrity of the roofing, and failed to properly identify the storm-created openings or separations through which the water intrusion damage occurred.

15.    Despite observing evidence of hail and wind damage to the roofing and roofing components, PIIC's adjuster believed or assumed—without any rational basis—that most of the damage was due to non-covered causes unrelated to the storm. And despite the lack of testing, PIIC's adjuster believed or assumed—without any rational basis—that there were no storm-created openings or separations to cause any of the interior water intrusion damage. To be consistent with PIIC's

adjuster, the engineering firm issued a report dated February 22, 2019, which concluded there was evidence of hail fall at the Property but no repairs were needed to address the effects of hail, and it could not determine whether the wind damage resulted from the reported storm; however, the engineering firm did not address the interior water intrusion damage at all.

16.    Due to the biased and inadequate inspection, PIIC's adjuster failed to account for all of the storm damage that was part of the covered loss, including most of the hail and wind damage and all of the interior water intrusion damage. Instead, to ostensibly settle Plaintiffs' insurance claim, PIIC's adjuster prepared an estimate for "minor" repairs that he knew was below the applicable deductible. In doing so, PIIC's adjuster misrepresented to PIIC and Plaintiffs that most of the storm damage to the Property was not caused by the storm or was otherwise not covered under the Policy, even though such damage did not exist before the storm occurred. As a result, PIIC's adjuster misrepresented material facts regarding lack of coverage and payment owed for all of the damage caused by the storm.

17.    On or about March 29, 2019, PIIC sent a letter to Plaintiffs to deny coverage and payment on Plaintiffs' insurance claim based on the investigation and adjustment of PIIC's adjuster. In this letter, PIIC represented that most of the damage was excluded under the policy due to non-covered causes unrelated to the storm, and the cost to repair "minor" storm damage was below deductible. As a result, PIIC did not pay for any of the covered storm damage to the Property. Thereafter, Plaintiffs retained their own adjuster who determined that the actual cost to repair or replace all of the covered storm damage to the Property exceeds $159,000.00. Thus, the actual scope and cost to repair or replace all of the damage to the Property caused by the storm far exceeds the amount of the estimate prepared by PIIC's adjuster. Plaintiffs' adjuster attempted to work with PIIC

to resolve Plaintiffs' insurance claim and obtain payment for the full value of all covered storm damage; however, PIIC refused to accept any findings or information provided by Plaintiffs' adjuster.

18.     The Policy obligated PIIC to initially pay actual cash value for the covered loss to the Property so that Plaintiffs could timely complete the necessary repairs or replacements and then exercise its option to obtain full replacement cost value for the covered loss as provided for under the Policy. Due to the wrongful acts and omissions of PIIC and its adjuster described herein, PIIC failed to pay the actual cash value amount owed on Plaintiffs' insurance claim as required under the Policy, and Plaintiffs have been unable to complete the necessary repairs or replacements and exercise their option to obtain full replacement cost value for the covered loss as provided for under the Policy. Thus, Plaintiffs have been harmed and prejudiced by PIIC and its adjuster to the extent their conduct prevented Plaintiffs from completing the necessary repairs in a timely manner and caused Plaintiffs to lose contractual rights to benefits under the Policy, including but not limited to the right to receive full replacement cost benefits under the Policy.

19.     As described above, PIIC and its adjuster failed to conduct a thorough and reasonable investigation of Plaintiffs' insurance claim, misrepresented material facts regarding lack of coverage for the storm damage to the Property, and misrepresented the cause and scope of the damage to the Property as well as the insurance coverage for Plaintiffs' insurance claim and covered loss. PIIC's adjuster made these and other misrepresentations to PIIC and Plaintiffs. PIIC relied on its adjuster's misrepresentations, and Plaintiffs have been damaged as a result of such reliance. The misrepresentations of PIIC's adjuster caused PIIC to deny coverage and payment on Plaintiffs' insurance claim, and PIIC's misrepresentations caused Plaintiffs to pay for insurance and submit an insurance claim that did not—as promised—pay the full value of the loss and damage to the Property caused by the storm.

20.     PIIC failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, PIIC failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. PIIC's conduct constitutes a breach of the insurance contract.

21.     PIIC and its adjuster failed to fairly evaluate and adjust Plaintiffs' insurance claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the insurance claim and wrongfully denying full coverage and payment to Plaintiffs, PIIC and its adjuster engaged in unfair insurance and settlement practices prohibited under Texas law.

22.     PIIC and its adjuster made, issued, and circulated statements that misrepresented the benefits under the Policy, which promised to pay the full amount of loss to Plaintiffs. PIIC and its adjuster's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section of the Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

23.     PIIC and its adjuster misrepresented to Plaintiffs that the damage to the Property caused by the storm was not covered under the Policy, even though such loss and damage was caused by a covered peril. PIIC and its adjuster's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

24.     PIIC and its adjuster failed to make a good faith attempt to settle Plaintiffs' insurance claim in a prompt, fair, and equitable manner, although they were aware of PIIC's liability to Plaintiffs under the Policy. PIIC and its adjuster's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

25.     PIIC and its adjuster failed to affirm or deny coverage of Plaintiffs' insurance claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or

rejection, regarding the full and entire claim, in writing from PIIC or its adjuster. PIIC and its adjuster's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

26.    PIIC and its adjuster refused to compensate Plaintiffs as required under the terms of the Policy and failed to conduct a reasonable investigation. Specifically, PIIC and its adjuster performed an outcome-oriented investigation of Plaintiffs' insurance claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses caused by the storm. PIIC and its adjuster's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

27.    PIIC failed to timely investigate Plaintiffs' insurance claim and request all information reasonably necessary to investigate Plaintiffs' insurance claim within the statutorily mandated deadlines. PIIC's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

28.    PIIC failed to accept or deny Plaintiffs' insurance claim within the statutory mandated deadline of receiving all necessary information. PIIC's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

29.    PIIC failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, PIIC has delayed full payment of Plaintiffs' insurance claim longer than allowed and, to date, Plaintiffs have not yet received any payment for Plaintiffs' insurance claim. PIIC's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

30.    From and after the time Plaintiffs' insurance claim was presented to PIIC, the liability of PIIC to pay the full insurance claim in accordance with the terms of the Policy was reasonably

clear. However, PIIC failed to conduct a reasonable investigation and refused to pay Plaintiffs, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment. PIIC's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31.    Plaintiffs' experience is not an isolated case. The acts and omissions of PIIC and its adjuster committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of PIIC and its adjuster with regard to handling this type of insurance claim. PIIC and its adjuster's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

32.    As a result of PIIC and its adjuster's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing Plaintiffs with respect to their causes of action.

### VII. THEORIES OF LIABILITY

**A.    Cause of Action for Breach of Contract**

33.    Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

34.    According to the Policy, PIIC had the duty to investigate and pay Plaintiffs benefits for claims made for covered damages, including the cost to repair or replace covered damages. Plaintiffs' Property sustained covered loss and damage caused by covered perils, for which PIIC wrongfully denied coverage and payment and wrongfully withheld benefits owed under the Policy. PIIC's failure and refusal to pay the benefits it is obligated to pay, under the terms of the Policy and under the laws of the State of Texas, constitute a breach of PIIC's insurance contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages described in this petition.

**B.    Cause of Action for Violation of Chapter 542 of the Texas Insurance Code**

35.    Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

36.    PIIC's acts, omissions, failures, and conduct described in this petition were in violation of Chapter 542 of the Texas Insurance Code. PIIC violated Chapter 542 by failing to timely investigate Plaintiffs' insurance claim, by failing to timely provide sufficient written notice of its acceptance or rejection of Plaintiffs' insurance claim, and by failing to timely pay the full value owed on Plaintiffs' insurance claim. *See* Tex. Ins. Code §§ 542.055–.060.

**C.    DTPA Cause of Action**

37.    Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

38.    Plaintiffs are consumers of goods and services provided by PIIC pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Civ. Prac. & Rem. Code §§ 17.41 et seq. By its acts, omissions, failures, and conduct, PIIC has engaged in deceptive trade practices in violation of the DTPA, including without limitation:

a.    PIIC represented to Plaintiffs that the Policy and PIIC's adjusting and investigative services had characteristics or benefits that they did not have in violation of Section 17.46(b)(5) of the DTPA;

b.    PIIC represented to Plaintiffs that the Policy and PIIC's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have in violation of Section 17.46(b)(12) of the DTPA;

    c.    Unconscionable action or course of action in taking advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree in violation of Section 17.50(a)(3) of the DTPA; and

    d.    Use or employment of acts or unfair insurance practices in violation of Section 17.50(a)(4) of the DTPA.

39.    The above-described acts, omissions, and failures of PIIC were producing causes of Plaintiffs' damages described in this petition. The above-described acts, omissions, and failures of PIIC were done knowingly as that term is used in the DTPA.

**D.    Cause of Action for Unfair Insurance Practices**

40.    Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

41.    By their acts, omissions, failures, and conduct, PIIC and its adjuster engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, the following unfair insurance practices:

    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;

    b.    Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060;

    c.    Misrepresenting to Plaintiffs the benefits under the Policy, *see* Tex. Ins. Code § 541.051(1)(B);

    d.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue, *see* Tex. Ins. Code § 541.060(a)(1);

e. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(2)(A);

f. Failing to affirm or deny coverage of Plaintiffs' insurance claim within a reasonable time, *see* Tex. Ins. Code § 541.060(a)(4); and

g. Refusing to pay Plaintiffs' insurance claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7).

42. PIIC also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

43. PIIC and its adjuster's conduct described herein has caused Plaintiffs' damages described in this petition. All of the above-described acts, omissions, and failures of PIIC and its adjuster were done knowingly as that term is used in the Texas Insurance Code.

**E.     Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

44. Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

45. By its acts, omissions, failures, and conduct, PIIC breached the common law duty of good faith and fair dealing by failing to pay the proper amount owed on Plaintiffs' insurance claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for a denial of coverage and payment. PIIC breached this duty by denying coverage on Plaintiffs' insurance claim and by failing to settle Plaintiffs' insurance claim when PIIC knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of PIIC were a proximate cause of Plaintiffs' damages described in this petition.

## VIII. DAMAGES

46.     The above described conduct of PIIC and its adjuster has caused Plaintiffs actual damages, including without limitation the amount of wrongfully withheld benefits owed under the Policy and the amount of any lost benefits under the Policy for the cost to repair or replace the storm damage to the Property. Plaintiffs are also entitled to recover consequential and incidental damages resulting from PIIC and its adjuster's conduct, including without limitation any investigative and engineering fees incurred by Plaintiffs. Plaintiffs are also entitled to recover a per annum interest penalty on the wrongfully withheld amount owed on Plaintiffs' insurance claim as damages under Chapter 542 of the Texas Insurance Code.

## IX. ADDITIONAL DAMAGES

47.     PIIC and its adjuster also "knowingly" committed unfair insurance practices and deceptive trade practices as those terms are defined in the applicable statutes. Because of the Defendant's knowing misconduct, Plaintiffs are entitled to additional damages as authorized by Section 541.152(b) of the Texas Insurance Code and Section 17.50(b)(1) of the DTPA.

## X. EXEMPLARY DAMAGES

48.     PIIC's breach of duty of good faith and fair dealing, as described above, has harmed Plaintiffs as a result of fraud, malice, or gross negligence, as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These acts or omissions by PIIC are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the jury that is sufficient to punish PIIC for its wrongful conduct and to set an example to deter PIIC and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

49.    As a result of PIIC and Mr. its adjuster's conduct described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and/or Section 17.50 of the DTPA.

## XII. JURY DEMAND

50.    Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## XIII. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (1).

## XIV. PRAYER

For the above reasons, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial or final disposition hereof, the Court renders judgment in favor of Plaintiffs and against Defendant to recover such sums as would justly compensate Plaintiffs for all actual damages, consequential damages, incidental damages, statutory damages, treble damages, and exemplary damages found by the jury, court costs, reasonable attorneys' fees, pre- and post-judgment interest, and such other and further relief, general and special, at law or in equity, as Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**A NAVA & GLANDER LAW FIRM**
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
Telephone: (210) 305-4220
Telecopier: (201) 305-4219
serveone@anglawfirm.com


By: _____
     M. ALEX NAVA
     State Bar No. 24046510
     BERNIE R. KRAY
     State Bar No. 24078803

**ATTORNEYS FOR PLAINTIFFS**